**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICK MURPHY, DBA Pinnacle Management Group,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>ACW CBP MAINE LLC,<br><br>          Defendant - Appellee. | No. 16-16048<br><br>D.C. No. 4:15-CV-00238-FRZ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted October 20, 2017**
San Francisco, California

Before: WALLACE  and CALLAHAN, Circuit Judges, and RESTANI,*** Judge.

Rick Murphy ("Murphy") appeals from the district court's summary judgment

in favor of ACW CBP Maine LLC ("ACW").  We have jurisdiction pursuant to 28

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** This panel unanimously finds this case suitable for decision without argument. Fed. R. App. P. 34(a)(2).

*** The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

U.S.C. § 1332. We review the summary judgement de novo, construing the facts and drawing all reasonable inferences in favor of the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011).

1. The district court properly entered summary judgment in favor of ACW on Murphy's breach of contract claim. The parties agree Maine law governs this action. Section 13004 of Maine's Real Estate Brokerage Licensing Act, Me. Stat. tit. 32, § 13004, precludes a party from maintaining an action for a real estate broker's fee, unless the party is a licensed real estate broker in Maine. Because Murphy did not prove licensure in Maine, he is precluded from maintaining this action.

2. The district court properly entered summary judgment in favor of ACW on Murphy's unjust enrichment claim. Section 13004 prohibits maintaining "any action," including equitable actions, for recovery of broker's fees. Because Murphy did not prove his licensure in Maine, his equitable claim is "statutorily barred." See Smith v. Cannell, 723 A.2d 876, 880 (Me. 1999) (emphasis original).

3. Murphy's argument that section 13004 only bars him from bringing an action in Maine state court, but not elsewhere, is incorrect. Section 13004 is Maine substantive law, and so a federal court sitting in diversity applies that law as a Maine state court would apply it. See Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 426–28 (1996). Thus, because Murphy's claim would be barred in

2

Maine state court, it is barred in federal court as well. <u>Guaranty Trust Co. of N.Y. v. York</u>, 326 U.S. 99, 109 (1945) ("[W]here a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.").

**AFFIRMED.**